NO. 07-10-00274-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
APRIL 8, 2011
--------------------------------------------------------------------------------

 
 UNIFUND CCR PARTNERS, APPELLANT
 
 v.
 
 GUS MORELAND, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY;
 
 NO. 2010-078591-2; HONORABLE SIDNEY C. FARRAR, JR., JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION
 
 Appellant Unifund CCR Partners appeals the trial court's order sustaining the plea to the jurisdiction of appellee Gus T. Moreland and dismissing the case. We will reverse and remand the case to the trial court for further proceedings.
 Background
Unifund sued Moreland. In its live petition Unifund alleged: "In the usual course of business, CITIBANK SOUTH DAKOTA NA, advanced funds to [Moreland] pursuant to credit card #5491130088816632. [Unifund] is the assignee of this credit card agreement." On March 5, 2010, Moreland filed a plea to the jurisdiction alleging "[w]ithout some admissible evidence of the assignment, [Unifund] lacks standing to bring its claims." Moreland filed no evidence supporting his plea.
The clerk's record contains Unifund's response, with attached evidence, to Moreland's plea. The response, under a cover letter from Unifund's attorney dated May 12, was received by the county clerk on May 14, 2010. On the same day, the trial court signed an order dismissing the case for want of jurisdiction. In part, the order states "[a]fter hearing arguments of counsel and reviewing the documents filed in this cause, the Court finds that [Moreland's] Plea should be GRANTED." Unifund did not file a motion for new trial but timely perfected this appeal.
 Analysis
 Today, on virtually identical facts and arguments, we decided Unifund CCR Partners v. Watson, No. 07-10-0273-CR (Tex.App.--Amarillo, Apr. 8, 2011). Based on the reasoning and conclusions expressed by our opinion in Watson, we hold in the present case Unifund sufficiently plead its standing by alleging it was the assignee of Moreland's credit card account. When, by plea to the jurisdiction Moreland challenged the facts supporting Unifund's allegation, Moreland was obligated to present evidence conclusively negating the challenged allegation. See Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004) (the standard generally mirrors that of a traditional motion for summary judgment); Tex. R. Civ. P. 166a(c). But Moreland offered no evidence and therefore did not discharge his evidentiary burden. Thus it was unnecessary for Unifund to present a response with evidence sufficient to establish the existence of an issue of fact on its claimed status as assignee of Moreland's account. As we further concluded in Watson, we also conclude here Unifund's claim of error was sufficiently preserved for appellate review and it was unnecessary for Unifund to bring forward a court reporter's record of the plea to the jurisdiction hearing conducted by the trial court. 
 We sustain Unifund's issue and remand the case to the trial court for proceedings consistent with this opinion.

 James T. Campbell
 Justice